**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4379

TREVIS LATORIS BROWN, a/k/a
Raphael M. Johnson,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-96-78)

Submitted: February 10, 1998

Decided: February 25, 1998

Before WIDENER and HAMILTON, Circuit Judges,
and HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Paul Gregorio, MORRISSEY, HERSHNER & JACOBS, Rich-
mond, Virginia, for Appellant. Helen F. Fahey, United States Attor-
ney, Stephen W. Miller, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Trevis Latoris Brown was indicted for possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841 (1994), possession of a firearm by a convicted felon, in violation of 21 U.S.C. § 922(g)(1) (1994), and maintaining a place for the purpose of manufacturing, distributing, and using controlled substances, in violation of 21 U.S.C. § 856 (1994). The district court denied Brown's motion to suppress evidence discovered during a subsequent search of Brown's apartment, executed pursuant to a warrant. Brown entered a guilty plea under Fed. R. Crim. P. 11(a)(2), reserving his right to appeal the denial of his suppression motion. We affirm.

I.

Officers Richard Crowder and Frank Baehr responded to a radio dispatch that someone with a gun was involved in an abduction in an apartment near their location. The officers knocked on the door of the apartment and identified themselves. After some time, Brown opened the door and the officers immediately smelled burning marijuana and saw marijuana smoke coming from inside the apartment. As soon as the door was open, two juvenile girls ran out of the apartment past the officers screaming for the officers to "take us away, get us away from him."

When Officer Crowder attempted to speak to Brown, Brown began backing up into the apartment, and Officer Crowder walked in with him. Brown backed up into the common area of the apartment until he was standing next to a sofa, which acted as a partition between the hallway and the living room. On the coffee table in front of the sofa the officers could see a handgun. Once Officer Crowder saw the handgun, he bent Brown over the back of the sofa and handcuffed him. After backup officers arrived, Officer Baehr went after the two girls.

2

Officer Crowder then did a routine pat down of Brown to check for weapons, and pulled out a large roll of money, which Brown said amounted to about $10,000. Officer Crowder also noticed a large number of Philly Blunt cigar boxes in the living room. Officer Crowder testified that Philly Blunt cigars were often used by marijuana users, who would empty the tobacco out of the cigar and fill it with marijuana, and use the boxes themselves to store marijuana.

While Officer Crowder and one of the backup officers conducted a protective sweep, the other backup officer decided to place Brown on the sofa while they waited. Before Brown was placed on the sofa, the officer looked under the sofa cushions and around the sofa to make sure there were no firearms or other weapons that Brown could place his hands on. When the officer lifted up the cushions, he found a Philly Blunt cigar, which appeared to contain marijuana, and a small plastic bag. Both items were later tested for and identified as containing marijuana.

At this point Officer Baehr came back with the information from the two girls. They had consumed alcohol, were underage, and were out past curfew. Brown admitted that he had served the girls beer. Brown was then formally placed under arrest for contributing to the delinquency of a minor and for possession of marijuana.

Brown refused to give his consent to a full scale search of the apartment, and thus the officers obtained a warrant to search for evidence of the use and distribution of marijuana. Once a warrant was obtained, they recovered evidence of the possession with intent to distribute cocaine and cocaine base, which was the basis for the drug charges in the indictment.

II.

On appeal, Brown contends that the evidence of cocaine possession and distribution should have been suppressed because the warrant was obtained as a result of the illegal search of the sofa. Initially, this court reviews the district court's factual findings on a denial of a motion to suppress for clear error, and its legal conclusions de novo. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992).

As a safety measure, officers may conduct a protective search of an area in connection with an arrest to search for weapons within the grab area of an individual when the officers have a reasonable belief that the individual is potentially dangerous. See Michigan v. Long, 463 U.S. 1032, 1048-49, 1052 n.16 (1983); Terry v. Ohio, 392 U.S. 1, 27 (1968); United States v. Poms, 484 F.2d 919, 920-21 (4th Cir. 1973) (holding that search of suspect's shoulder bag was justified as protective search under Terry). The fact that a suspect is handcuffed and being observed may restrict the area within his reach, but it does not negate all risk that he may obtain a weapon and thus pose a danger. See United States v. Horne, 4 F.3d 579, 586 (8th Cir. 1993); United States v. Silva, 745 F.2d 840, 847 (4th Cir. 1984).

Here, although Brown was handcuffed, he still could have reached under the sofa cushions to obtain a weapon. See United States v. Hernandez, 941 F.2d 133, 137 (2d Cir. 1991); United States v. Mason, 523 F.2d 1122, 1126 (D.C. Cir. 1975). The officer was permitted to check the immediate area as a safety precaution. See Hernandez, 941 F.2d at 137 (citing Terry, 392 U.S. at 24). Accordingly, the search of the sofa was a permissible protective search, and the district court did not err in denying Brown's motion to suppress. See Long, 463 U.S. at 1048-49; Terry, 392 U.S. at 27.

We affirm Brown's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4